UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:10-cr-39-1 |
| v. ) | |
| ) | Judge Mattice/Steger |
| CHRISTOPHER MATTHEWS ) | |

## MEMORANDUM AND ORDER

CHRISTOPHER MATTHEWS ("Defendant") came before the Court for an initial appearance on June 15, 2017, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on a Petition for Warrant for Offender under Supervision ("Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Erin Rust of Federal Defender Services of Eastern Tennessee, Inc. to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Perry Piper explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived a preliminary hearing; however, Defendant requested a detention hearing.

The Court conducted a detention hearing on June 19, 2017. Defendant was represented by Erin Rust, and the Government was represented by Perry Piper. The Government relied upon the testimony of United States Probation Supervisor Shaquanna Kennedy, as well as the sworn Petition which includes a recitation of the violations of conditions of supervision committed by Defendant (*i.e.*, defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program; defendant shall work regularly at a lawful occupation, unless excused by the probation officer). More specifically, the Government alleges that

Defendant tested positive for methamphetamine in July, September, and December 2016. As a result, Defendant's conditions of release were modified to include 15 days of intermittent confinement. Defendant served 15 days at the Silverdale Corrections Center and was released on March 28, 2017. After his release from custody, Defendant failed to report for drug tests on March 29 and April 18, and he submitted a diluted urine sample on April 25, 2017. In addition, the Government alleges that he has not consistently maintained employment since August 2016.

Defendant's counsel, Erin Rust, relied upon the testimony of Wayne Moody. Mr. Moody testified that Defendant has been participating in a job training curriculum sponsored by an organization known as "Impact One." He indicated that Defendant has reported to work sober and on time, that he has excellent skills as an electrician, and that Defendant has exhibited a constructive and positive attitude. Attorney Rust also proffered evidence on Defendant's behalf to the effect that Defendant has passed a number of drug tests and that he is taking positive steps to overcome his addiction to methamphetamine. Counsel for both sides were given an opportunity to argue for and against detention.

The Court finds that the evidence establishes probable cause to believe that Defendant has committed some violations of his conditions of supervised release. The evidence also establishes that Defendant has taken positive steps by participating in drug treatment through CADAS and participating in job training through Impact One. He is to be commended for these positive steps. The Court finds that Defendant has carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Court **DENIED** the Government's oral motion to detain Defendant pending disposition of the Petition or further Order of this Court.

The undersigned discussed with Defendant the violations of his conditions of supervised release which have occurred, and admonished Defendant to refrain from any additional violations pending resolution of the current Petition, and for the remainder of his period of supervised release.

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to United States District Judge Mattice a proposed Agreed Order with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition for Warrant for Offender under Supervision, they shall request a hearing before United States District Judge Mattice.

3. The Government's motion that Defendant be DETAINED WITHOUT BAIL pending further Order of this Court is **DENIED**. Defendant shall be

released from custody pending further Order of this Court.

**ENTER.**

s/*Christopher H. Steger*<br>United States Magistrate Judge